### 9835

### HAFNER v. CITY OF CHESTER.

#### (94 S. E. 731.)

1. MUNICIPAL CORPORATIONS—SIDEWALKS—INJURIES TO PERSON—EVIDENCE—ADMISSIBILITY.—In pedestrian's action for injury by slipping on sidewalk, witness could say whether at time of trial the dangerous condition continued, although testimony that it was soon repaired was not admissible to show negligence.

2. WITNESSES—BIAS—EVIDENCE—ADMISSIBILITY.—It was not error to refuse testimony whether a witness for plaintiff had been a candidate for re-election as health officer, as tending to show bias, since, whenever the Court feels that a fact is not of probative value, commensurate with the time required for its use as evidence, either because too remote in time or too uncertain or conjectural in its nature, the fact may in the exercise of a sound descretion be rejected.

3. APPEAL AND ERROR—HARMLESS ERROR.—In pedestrian's action for injuries on sidewalk, error, if any, in charging that the city would be bound by notice to its health officer of defect in sidewalk was not prejudicial, where, under all the evidence, the city was clearly chargeable with notice of the defects.

Before S. W. G. SHIPP, J., Chester.    Affirmed.

Action by Maggie H. Hafner against City. of Chester.
From judgment for plaintiff, defendant appeals.

*Mr. J. C. McLure,* for appellant, cites: *As to allowing tes-
timony of repairs to street after accident:* 144 U. S. 206; 30
Minn. 465; 108 N. Y. 108; 51 Conn. 524; 77 Mo. 34; 75
Tex. 56; 123 Ind. 15; 132 Ill. 53; 86 Mich. 14; 152 Mass.
168; 21 T. N. S. 261, 263; 51 S. C. 230; 77 S. C. 73; 85 S.
C. 92; 99 S. C. 104.    *Showing bias of witness:* 40 Cyc.
2656; 121 Ga. 781; 49 S. E. 780; 43 S. C. 149; 85 S. C.
103; 73 S. C. 391.    *Notice to health office, not notice to
city:* 93 S. C. 553; Elliott on Roads and Streets (3d ed.),
par. 810; Thompson on Negligence (2d ed.), pars. 5966,
5967; 75 Mich. 499; 84 Minn. 21; 112 Mo. App. 322; 137
Iowa 72; 27 Kan. 544; 55 S. W. 742; 121 Wis. 560.    *"Thus
notice to a street commissioner, or a road supervisor is notice
to the corporation."* Elliott on Roads and Streets, *supra,*
citing 94 Pa. St. 202; 62 Wis. 272; 20 R. I. 443; 92 Ala.
349; 45 Kan. 381, and other cases.    *"Where the police are
charged with duty of removing obstructions from the streets,
notice to a policeman on duty, of an obstruction, is suffi-
cient."* 91 N. Y. 137.    *Notice to a city marshal is not suffi-
cient:* 66 Iowa 427; 94 S. C. 378.

*Messrs. Marion & Marion,* for respondent, submit: *Tes-
timony as to change in street, after accident, was properly
admitted.    As to refusing to allow testimony to alleged bias
of witness:* 40 Cyc. 2677.    *Charge upon facts:* 68 S. C. 395;
48 S. E. 301; 7 S. C. 419; S. E. —; 92 S. C. 218.    *Notice
to health office is notice to city:* 94 S. C. 378; 28 Cyc. 1397;
79 S. E. 304; 38a, 916; 70 Conn. 115; 83 Ill. App. 208; 83
Ill. App. 554; 89 Ill. App. 358; 86 N. W. 763; 84 Minn. 21;
86 N. W. 767; 84 Minn. 30; 84 S. W. 901; 185 Mo. 291;
62 N. E. 1095; 169 N. Y. 614; 78 S. W. 28; 98 Tex. 151;
55 S. W. 742 (Tex.).

December 17, 1917.

The opinion of the Court was delivered by Mr. CHIEF JUSTICE GARY.

This is an action for damages alleged to have been sustained by the plaintiff through the negligence of the defendant in causing her to fall on certain slippery stones in a sidewalk of defendant's street. The answer of the defendant admitted the fall, alleging that it was on a street crossing instead of a sidewalk; and denied negligence. The jury rendered a verdict in favor of the plaintiff for $850, and the defendant appealed.

The first exception is as follows: "Because his Honor erred in admitting over objection evidence of witness, M. J. Ehrlich, as to changes or repairs in street after accident, evidence of repairs made or precautions taken after an accident, being prejudicial to defendant and inadmissible in evidence."

This question arose as follows: "I had seen a number of people fall at that point. Before Mrs. Hafner's fall a good many of them fell, and lots of them slipped. The rocks were pretty sleek as you go down, the rocks that join the sidewalk. Q. Mr. Ehrlich, state whether or not the rocks remained in the condition they were at the time Mrs. Hafner fell, the day she fell, from that time on for several months afterwards? A. They were; yes, sir. Q. State whether or not, Mr. Ehrlich, the rocks are in the same condition now.

"Mr. McLure: We object to that.

"The Court: You couldn't prove any change as to going to show negligence on the part of the city. You can let the jury go down there to see it if that is your object, to see whether the condition is the same now.

Mr. Marion: Ordinarily I would like the jury to go and look at it, if the condition isn't the same, they will not be asked to look at it.

The Court: Go ahead and ask the question.

Q. Is the condition the same now, Mr. Ehrlich? A. No, sir.

Mr. McLure: Your Honor understood us as objecting.

The Court: Yes, sir. I said you couldn't prove negligence there by showing that the city made certain changes. That wouldn't be a question of negligence, but you asked him whether the condition was the same. I passed on the question as to whether the jury ought to go and look at it."

It was not denied that the jury viewed the *locus*. The following statement appears in the record:

"The *locus* involved was on one of the principal streets of the town. On behalf of plaintiff a number of witnesses testified to the slippery condition of the street, and to the fact that other persons had slipped, fallen and received injuries at this point, on several occasions prior to plaintiff's fall, one at least several weeks before Mrs. Hafner was injured.

After introducing evidence to the effect that the condition of the *locus* remained the same for several months after the injury, plaintiff offered a number of witnesses to prove the dangerous and defective condition during such period after plaintiff's injury. This testimony was ruled out by the Court."

His Honor, the presiding Judge, charged the jury that subsequent changes in the condition of the sidewalk would not be evidence of negligence.

This exception is overruled.

The second exception is as follows: "Because his Honor erred in refusing to allow witness, Hamilton, to answer the question whether Settlemeyer, who had been a witness for plaintiff, had been a candidate for re-election as health officer; such testimony being admissible to show bias on the part of said Settlemeyer."

The rule applicable to this case is thus stated in 16 Cyc. 1112, 1113:

"Not all facts which are in some degree logically relevant have sufficient probative force to justify the expenditure of the time necessarily consumed in proving, testing and weigh-

ing them. * * * Whenever the Court feels that a fact is not of probative value, commensurate with the time required for its use as evidence, either because too remote in time or too uncertain or conjectural in its nature, the fact may, in the exercise of a sound discretion, be rejected."

This exception is also overruled.

The third exception is as follows: "Because his Honor erred in charging plaintiff's fourth request to charge, charging that under the city ordinance.notice to a health officer would be notice to the city, and that the city would be bound thereby, thereby (a) charging upon the facts by taking from the jury the question whether a health officer is an employee of a city, or of the local board of health; and (b) incorrectly stating the law, that for a city to be bound by notice of a defect, such notice, either express or implied, must be to some person charged with the repair of streets, and that notice to one charged only with duty of reporting defects is not sufficient, and that city is liable only for failure to repair, not failure to report."

Even conceding that there may have been technical error, it was not prejudicial, for the reason that the only reasonable inference from the testimony, when considered in its entirety, is that the defendant was chargeable with notice of the dangerous condition of the sidewalk.

Judgment affirmed.